IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CHARMAYNE BRADBERRY,** *individually and on behalf of all others similarly situated,*<br><br>**Plaintiff,**<br><br>-v-<br><br>**EQUIFAX INFORMATION SERVICES, LLC,**<br><br>**Defendant.** | Civil Case Number:<br><br><u>**CIVIL ACTION**</u><br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Equifax is a consumer reporting agency that has been wrongfully reporting duplicates of negative accounts on Plaintiff Charmayne Bradberry's consumer report. Equifax includes this inaccurate information because it does not have adequate policies and procedures in place to ensure that is prevents such logically inconsistent and inaccurate information from being harmfully reported on consumers' reports.

2. Plaintiff, Charmayne Bradberry ("Plaintiff"), therefore brings this putative class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Equifax Information Services, LLC ("Equifax") has negligently and recklessly disseminated false and damaging information regarding the Plaintiff's credit.

3. Plaintiff further alleges that Equifax failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff and the proposed Class.

4. Plaintiff, individually and on behalf of the Class members, seeks statutory and

-1-

punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

5.     The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  All defendants regularly conduct business within the State of Georgia and violated Plaintiff's rights under the FCRA in the State of Georgia as alleged more fully below.

6.     Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendants conducts business in this District, and communications giving rise to this action occurred in this District.

## PARTIES

7.     Plaintiff, Charmayne Bradberry ("Plaintiff"), is a resident of Hampton, Georgia and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8.     Defendant Equifax Information Services, LLC is also one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9.     Equifax is a limited liability company with its principal place of business located at 1550 Peachtree Road, Atlanta, Georgia 30092.

## FACTUAL ALLEGATIONS

10.    On or around June of 2022, Plaintiff discovered that Equifax was reporting duplicates of the same collections account on her credit report. Specifically, her Cavalry

Investments LLC ("Cavalry") collections account #21885251 for $305.00 was appearing on her report ***twice as two separate derogatory tradelines*** with different 'opened' and 'reported' dates.

11. This information is inaccurate, misleading, and logically inconsistent, as Plaintiff only has the one Cavalry account with account #21885251.

12. On September 16, 2022, Plaintiff received a form letter from Equifax, informing her that they had identified "an issue" that caused a collection account to be listed more than once on her file. The letter indicated that this "issue" surrounding duplicate accounts may have affected her Equifax report between March and September of 2022.

13. Upon information and belief, countless other individuals have received this same form letter after having been affected by Equifax's duplication errors.

14. Upon information and belief, this is not the only time such an error has occurred in Equifax's system.

15. Pursuant to Section 1681e(b) of the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

16. Upon information and belief, Equifax fails to have such reasonable procedures, as it allows for inaccurate and damaging logical inconsistencies to appear on consumers' reports; namely, the duplication of derogatory accounts on consumers' reports.

17. These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

18. At all times pertinent hereto, Equifax's conduct was willful and/or negligent, and carried out in reckless disregard for a consumer's rights as set forth under section 1681e of the

FCRA. Accordingly, Plaintiff and the Class are entitled to statutory, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

19. As a direct and proximate result of the Defendant Equifax's willful and/or negligent refusal to assure maximum accuracy of credit reports as mandated by the FCRA, Plaintiff and the Class members have been harmed in their daily lives.

20. For example, the Plaintiff's credit scores dropped severely because of this inaccurate reporting, and the Plaintiff was denied a vital mortgage application, causing the Plaintiff to sustain monetary damages.

21. Plaintiff further suffered emotional distress along with frustration and annoyance because of the Defendant's defamatory actions.

## **CLASS ALLEGATIONS**

22. Plaintiff brings Count I of this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all others similarly situated.

23. The Class consists of: All natural persons residing in the United States on whom, beginning March 1, 2022 until September 31, 2022, Equifax furnished a credit report containing a duplicated derogatory account.

24. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

25. Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendant releases of all their claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

26.     **Numerosity.** The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class. Based on information and belief, the Class is comprised of at least hundreds, if not thousands, of members who are geographically dispersed throughout the country so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

27.     **Commonality.** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The primary common legal and factual questions are:

   a. Whether the Defendant willfully and/or negligently violated the FCRA by failing to follow reasonable procedures in preparing and selling consumer reports;

   b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

   c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate formula to be applied in determining such damages and restitution; and

   d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

28.     **Typicality**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff have the same claims for statutory and punitive damages that they seek for absent class members.

29. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex consumer and class-action litigation. Plaintiff's counsel have prosecuted complex consumer class actions across the country.

30. **Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

31. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## COUNT I
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EQUIFAX

32. All preceding paragraphs are realleged.

33. Plaintiff brings this claim individually and on behalf of all others similarly situated.

34. Section 1681e(b) of the FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

35. Accordingly, Equifax was required to follow procedures to assure maximum possible accuracy of the credit reports it prepared concerning Plaintiff and the Class. This includes following procedures to prevent facially logically inconsistent information such as the duplication of derogatory accounts.

36. However, Equifax failed to do so.

37. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepared concerning Plaintiff and the Class members, it would not be possible for it to report inaccurate and logically inconsistent information such as the same derogatory account with the same account number as separate tradelines.

38. Moreover, if Equifax were meeting its obligation to follow procedures to assure maximum possible accuracy of the credit reports it prepares for Plaintiff and the Class members, it would have prevented this inaccurate and logically inconsistent information from being reported in the first place. In fact, Equifax's acknowledgement of its error is evidence itself of their failure to assure maximum possible accuracy.

39. As a direct and proximate result of Equifax's willful and/or negligent failure to

follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Class have been harmed, as explained above.

## DEMAND FOR TRIAL BY JURY

40.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. Awarding Plaintiff and the Class statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest

B. Awarding Plaintiff and the Class the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

C. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

D. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

E. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 1, 2022

By: */s/ Misty Oaks Paxton*
Misty Oaks Paxton, Esq.
THE OAKS FIRM
3895 Brookgreen Pt.
Decatur, GA 30034
Tel: (404) 500-7861
Email: attyoaks@yahoo.com

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
PRO HAC VICE MOTION TO BE FILED

*Attorneys for Plaintiff and the proposed Class*