**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**CHARMAYNE BRADBERRY,** ***individually and on behalf of all others similarly situated,***

**Plaintiff,**

**-v-**

**EQUIFAX INFORMATION SERVICES, LLC,**

**Defendant.**

**Civil Case Number: 22-cv-04754-MLB-LTW**

**ORDER PRELIMINARILY APPROVING SETTLEMENT**
**AND DIRECTING NOTICE TO CLASS**

The Court, having reviewed the Settlement Agreement, hereby Orders that:

1. The Court has considered the proposed settlement of the claim asserted under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") by a Settlement Class of consumers defined as follows:

> All U.S. consumers identified by Equifax as having been mailed a Duplicate Reporting Letter. Excluded from the Settlement Class are (i) Equifax, any entity in which Equifax has a controlling interest, and Equifax's officers, directors, legal representatives, Successors, Subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Lawsuit and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement Class.

2. The Settlement Agreement entered between the Parties as of ____, 2025 appears, upon preliminary review, to be fair, reasonable, and adequate to the Settlement Class. The terms of the Settlement Agreement are incorporated fully herein into this Order by reference.

3. Accordingly, for settlement purposes only, the proposed settlement is preliminarily approved, pending a Final Approval Hearing, as provided for herein.

4. The Parties agree that the Settlement Class includes approximately 37,000 consumers.

5. The Court appoints Charmayne Bradberry as the class representative.

6. The Court appoints the firms Marcus & Zelman, LLC and Francis Mailman Soumilas, P.C. as counsel for the Class ("Class Counsel").

7. The Court appoints Angeion Group as the Settlement Administrator.

8. The Court will hold a Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23(e) on May 27, 2026, at the United States District Court, Northern District of Georgia, at U.S. Courthouse, in Courtroom 1906, at 11:30 a.m., for the following purposes:

(a) To determine whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

(b) To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement; and

(c) To consider the application of Class Counsel for an award of attorney's fees, costs, and expenses, and for a service award to the class representative.

9. As is provided in Section 5.5 of the Settlement Agreement, Defendant will provide an updated class list to the Settlement Administrator within thirty (30) days of the date of this Order.

10. The Settlement Administrator shall send the agreed upon Notices to the Settlement Class Members in accordance with the terms of the Settlement Agreement.

11. The Court also approves the Parties' Notices, which are attached to the Settlement Agreement as Exhibits C-E. To the extent the Parties or Settlement Administrator determine that ministerial changes to the Notice are necessary before disseminating it to the Class Members, they may make such changes without further application to the Court.

12. The Court approves the Parties' Notice plan, as set forth in Section 5.4 of the Settlement Agreement. The Court finds this manner of giving notice fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process.

13. If a Settlement Class Member chooses to request exclusion from the class, such Settlement Class Member is required to submit a request for exclusion to the Settlement Administrator, post-marked on or before the Exclusion Deadline, which shall be one hundred twenty (120) days from the date of this Order, and, specified in the Settlement Notice. The request for exclusion must include the items identified in the Settlement Agreement pertaining to requests for exclusion. A Settlement Class Member who submits a valid request for exclusion using the procedure identified, and does not otherwise submit a Claim Form, shall be excluded from the Settlement Class for all purposes. No later than seven (7) days after the Objection Deadline, the Settlement Administrator shall prepare a declaration listing all the valid Exclusion Requests received and shall provide the declaration and list to Class Counsel and Defendant's counsel, with Class Counsel then reporting the names appearing on this list to the Court before the Final Approval Hearing.

14. A Settlement Class Member who does not file a timely and valid request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action.

15. (a) Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, and/or who wishes for any objection to be considered, must file a written notice

of objection to be filed with the Court by the Objection Deadline specified in the Settlement Notice, stating that they intend to appear at the Hearing. The notice of objection shall be sent by First Class United States Mail to the Settlement Administrator, and sent to the Clerk of the Court either by First Class United States Mail or filed with the Court via CM/ECF.

(b) The objection must be personally signed and state: The case name and number of the Lawsuit; the name, address, email address, and telephone number of the objecting Settlement Class Member. If the objecting Settlement Class Member is represented by an attorney, or received assistance from an attorney in drafting his or her objection, the name, address, and telephone number of the attorney; A statement of whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; A statement of the specific grounds for the objection; A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel; Identification of any documents the objector wishes to be considered; A statement of all relief sought.

(c) Any Class Member who fails to timely file and serve a written objection pursuant to the terms of this paragraph shall not be permitted to object to the approval of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

16. All briefs, memoranda, petitions, and affidavits to be filed in support of Class Counsel's application for fees, costs and expenses, shall be filed not later than thirty-five (35) days prior to the Objection Deadline. All other briefs, memoranda, petitions and affidavits that Class Counsel intends to file in support of final approval shall be filed not later than fourteen (14) days before the Final Approval Hearing.

17. Neither this Preliminary Approval Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the claim released under this Settlement Agreement. This Preliminary Approval Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released Parties. The preliminary approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Class Members, or the Defendant.

18. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

19. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

SO ORDERED this 4th day of May, 2026.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE